UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RACHAEL LIU and On Behalf of All Others Similarly Situated,

    Plaintiff,

-against-

ICONOCLAST FITNESS, INC. and NGO OKAFOR,

    Defendants.

Case No.: 1:23-cv-00525

**COMPLAINT**

**Jury Trial Demanded**

Plaintiff, RACHAEL LIU, by her attorneys, BELL LAW GROUP, PLLC, complaining of Defendants, ICONOCLAST FITNESS, INC. and NGO OKAFOR, respectfully alleges, upon information and belief, the following:

## STATEMENT OF CLAIM

1. In violation of well-settled law, Defendants have chosen to unlawfully exclude disabled persons who are accompanied by service dogs from their public establishment.

2. Plaintiff files this action complaining of violations of Title III of the Americans with Disabilities Act, 42 U.S.C. Section 12182 *et seq*, New York State Civil Rights Law Section 40-c and 40-d, New York State Civil Rights Law Section 47, New York State Human Rights Law Section 296 *et seq*., and New York City [Administrative Code] Human Rights Law Section 8-107 *et seq*.

3. Plaintiff seeks damages, declaratory and injunctive relief, as well as fees and costs against Defendants.

## JURISDICTION AND VENUE

4. At all times relevant herein, Plaintiff is and was a resident of New York, NY.

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. Sections 1331 and 1343, as this action involves a federal question regarding the deprivation of Plaintiff's rights

*Rachel Liu v. Iconoclast Fitness Inc. et al*
*Complaint*
*1 | P a g e*

under the Americans with Disabilities Act ("ADA").

6. This Court has supplemental jurisdiction over Plaintiff's allegations arising from Defendants' state and local law violations pursuant to 28 U.S.C. Section 1367(a).

7. Venue is proper in this judicial district under 28 U.S.C. § 1391, as a substantial part of the events and omissions giving rise to the claims occurred in this judicial district, and Defendants conduct substantial business within this judicial district.

## THE PARTIES

8. Plaintiff, Rachel Liu has diagnosed social phobia disorder, depression, and anxiety which are permanent disabilities. As such, she is an individual with a disability for purposes of this action.

9. As a direct and proximate cause of Ms. Liu's disability, and at all relevant times herein, she has been substantiality limited in performing various life activities as she suffered from debilitating panic attacks which render her unable to move or respond without assistance.

10. Since or about April 2021, Plaintiff has owned a trained and certified service dog. The service dog assists Plaintiff when she experiences symptoms of social phobia by guiding her away from triggered stressors or to her husband, recognizing and responding to an incipient episode, applying deep pressure stimulation or tactile stimulation during an episode, providing needed space for Plaintiff, and retrieving mediation for Plaintiff.

11. Upon information and belief, ICONOCLAST FITNESS, INC., is a domestic corporation authorized to do business withing the State of New York, with its principal place of business located at 210 5th Ave 5th Floor, New York, NY.

12. Defendant, ICONOCLAST FITNESS, INC. operates a gym and fitness center and is a public accommodation under the ADA as well as the New York State Human Rights Laws

*Rachel Liu v. Iconoclast Fitness Inc. et al*
*Complaint*
2 | P a g e

and the New York City Human Rights Laws.

13. Upon information and belief, Defendant, NGO OKAFOR is a resident of the City of New York and is the founder and owner of Defendant, ICONOCLAST FITNESS, INC.

## STATUTORY SCHEME

14. Pursuant to the ADA, New York State Human Rights Law, and New York City Human Rights Law, individuals with disabilities are a protected class.

15. It is unlawful for a party which owns, leases to or operates a place of public accommodations to discriminate against an individual with a disability.

16. The ADA, New York State Human Rights Law, and New York City Human Rights Law require a public accommodation to be readily accessible to and usable by a disabled individual.

17. Defendants are required to remove all readily achievable barriers which deny a disabled individual the opportunity to participate in, or benefit from services or accommodations on the basis of disability.

18. If a place of public accommodation has a policy of no dogs, it must make an exception for service dogs. This is called as reasonable accommodation.

19. Failure to provide a reasonable accommodation is considered a denial of providing a reasonable accommodation, which is a violation of the ADA, New York State Human Rights Law, and New York City Human Rights Law.

20. Discriminatory intent is not required to establish liability under the ADA, New York State Human Rights Law, or New York City Human Rights Law.

21. If an individual with a disability is dissuaded from entering a place of public accommodation or receiving services because of the facility's failure to provide a reasonable accommodation, such facility will be liable for discrimination.

## FACTUAL BACKGROUND

22. Plaintiff has been diagnosed with social phobia disorder, depression and anxiety and has a substantial limitation with everyday life's activities.

23. The trained and certified service dog assists with her social phobia symptoms by identifying panic attacks and provides help to Plaintiff or leads her out of situations in which debilitating episodes ensue.

24. Plaintiff and her service dog have been admitted access to other locations around Manhattan, New York, without any issue.

25. Defendants own and operate a place of public accommodation located in Manhattan, New York.

26. On or about May 9, 2022, Plaintiff arrived at Defendants establishment to take part in Defendants' facilities and utilize the gym that is open to the public.

27. As Plaintiff attempted to access the gym with her service dog, Defendant owner Ngo Okafor stopped her from doing so and told Plaintiff that she was not allowed to bring her service dog into the gym.

28. Upon Plaintiff's request as to why not, Defendant, NGO OKAFOR stated that he would not allow it as there may be other customers in the gym that may be allergic to dogs and that he himself was allergic.

29. Upon information and belief, Defendant, NGO OKAFOR had no knowledge of whether any other customers were allergic to dogs.

30. In response, Plaintiff informed Defendant, NGO OKAFOR that she had all of the necessary paperwork to substantiate that Plaintiff's dog was in fact a certified trained service dog and offered to provide such information to Defendant, NGO OKAFOR.

*Rachel Liu v. Iconoclast Fitness Inc. et al*
*Complaint*
4 | P a g e

31. Defendant, NGO OKAFOR refused to look at the paperwork and refused to allow Plaintiff to enter with her a service dog, so Plaintiff was left with no other alternative than to call the police.

32. Upon the police arrival, Plaintiff recorded the interaction between herself, the police and Defendant, NGO OKAFOR.

33. The police informed Defendant, NGO OKAFOR that he could not deny access to Plaintiff because of her service dog but informed Plaintiff that they could not force Defendant to grant her entry as this was a civil matter.

### First Cause of Action

*Violation of the Americans with Disabilities Act*

34. Plaintiff repeats and realleges Paragraphs 1-33 as if fully set forth herein.

35. Defendants' gym is a place of public accommodation within the meaning of Title III of the ADA, 42 U.S.C. Section 12181; 29 C.F.R. Section 36.104.

36. Defendants have not complied with their statutory obligation to ensure that its policies, practices, procedures and reasonable accommodations for persons with disabilities are addressed.

37. Defendants have discriminated against Plaintiff, and others similarly situated, on the basis of disability, in the full and equal enjoyment of the goods, services, facilities, privileges, advantages or accommodations of its public accommodation in violation of 42 U.S.C. Section 12182(a).

38. Defendants have subjected Plaintiff, and others similarly situated to a denial of the opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of Defendant on the basis of disability, directly, or through contractual,

*Rachel Liu v. Iconoclast Fitness Inc. et al*
*Complaint*
5 | P a g e

licensing or other arrangements in violation of 42 U.S.C. Section 12182(b)(1)(A)(i).

39. Defendants have afforded Plaintiff, and all others similarly situated, on the basis of disability, directly or through contractual, licensing or other arrangements, with the opportunity to participate in, or benefit from a good, service, facility, privilege, advantage or accommodation that is not equal to that afforded to other individuals in violation of U.S.C. Section 12182(b)(1)(A)(ii).

40. Defendants have denied Plaintiff, and all others similarly situated, the opportunity to participate in such programs or activities that are not separate or different in violation of 42 U.S.C. 12182(b)(1)(C).

41. Defendants have failed to make reasonable modifications to their policies, practices, or procedures, which such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to Plaintiff in violation of 42 U.S.C. Section 12182(b)(2)(A)(ii).

42. Reasonable accommodations exist which do not impose undue hardship on the operation of Defendants' business.

43. Allowing Plaintiff to be accompanied by her service dog in Defendants' gym would not fundamentally alter the nature of Defendants' goods, services, facilities, privileges, advantages or accommodations.

44. Reasonable accommodations could be made which do not fundamentally alter the nature of the Defendants' program or activity.

45. Defendant, NGO OKAFOR was the sole decision maker as to the policy to prevent service dogs from entering the business and was the sole decision maker in denying Plaintiff access based upon her need for a qualified service dog.

46. As a direct and proximate result of Defendants' unlawful discrimination in violation of the ADA, Plaintiff has suffered and continues to suffer mental anguish and emotional distress,

*Rachel Liu v. Iconoclast Fitness Inc. et al*
*Complaint*
*6 | P a g e*

including but not limited to exacerbation of her disability, depression, humiliation, stress, embarrassment, anxiety, loss of sleep, loss of self-esteem and self-confidence, and emotional pain and suffering.

### Second Cause of Action

*Violation of New York State Human Rights Law Section 296*

47. Plaintiff repeats and realleges Paragraphs 1-46 as if fully set forth herein.

48. At all relevant times herein, Plaintiff had had a disability as defined by New York State Executive Law Section 292.

49. Defendants' facility is located in Manhattan, New York, and is a public accommodation within the meaning of New York State Executive Law Section 292.

50. The service dog owned by Plaintiff is a "service dog" as defined by New York State Executive Law Section 292(33).

51. Defendants have not provided Plaintiff and others similarly situated with evenhanded treatment.

52. Defendants direct and indirect uneven handed treatment of Plaintiff and others similarly situated is demonstrated in that Plaintiff was segregated from other customers.

53. Defendants have, because of Plaintiff's disability, directly and indirectly refused, withheld from or denied Plaintiff of any accommodations, advantages, facilities or privileges of their public accommodation.

54. Defendants have demonstrated that their patronage or custom of Plaintiff and others similarly situated is unwelcome, objectionable or not acceptable, desired or solicited.

55. Pursuant to New York State law, Defendants and their agents have discriminated against Plaintiff.

56. The conduct of Defendants constitutes a refusal to make a reasonable

*Rachel Liu v. Iconoclast Fitness Inc. et al*
*Complaint*
7 | P a g e

accommodation in rules, policies, practices or services, when such accommodation may be necessary to afford such person equal opportunity to use and enjoy a dwelling in violation of New York State Executive Law Section 296 (18)(2).

57. As a direct and proximate result of Defendants' discriminatory conduct in violation of New York State Executive Laws, Plaintiff has suffered and continues to suffer mental anguish and emotional distress, including but not limited to exacerbation of her social phobia disorder, depression, humiliation, stress, embarrassment, anxiety, loss of sleep, loss of self-esteem and self-confidence, and emotional pain and suffering.

### Third Cause of Action

*Violation of New York State Civil Rights Act Sections 40-c and 40-d*

58. Plaintiff repeats and realleges Paragraphs 1-57 as if fully set forth herein.

59. On the basis of Plaintiff's disability, Defendants have violated her Civil Rights.

60. Consequently, Plaintiff is entitled to recover the penalties prescribed by Civil Rights Law Sections 40-c and 40-d in the amount of $500 for each and every violation.

61. Pursuant to NY State Civil Rights Law, Defendants are guilty of a class A misdemeanor.

62. Notice of this Action has been served upon the Attorney-General as required by Civil Rights Law Section 40-d.

### Fourth Cause of Action

*Violation of New York State Civil Rights Law Section 47*

63. Plaintiff repeats and realleges Paragraphs 1-62 as if fully set forth herein.

64. Defendants' public accommodation is a public facility as defined by New York State Civil Rights Law Section 47.2.

65. Defendants denied Plaintiff admittance and/or the equal use and enjoyment of

*Rachel Liu v. Iconoclast Fitness Inc. et al*
*Complaint*
*8 | P a g e*

Defendants' public accommodation solely because she was accompanied by a service dog in violation of New York State Civil Rights Law Section 47.

66. Defendants did not provide Plaintiff with equal use and enjoyment of the facility because she was accompanied by a service dog in violation of New York State Civil Rights Law Section 47.

67. In violation of New York State Civil Rights Law Section 47-b, Defendants did not guarantee Plaintiff the right to have her service dog in her immediate custody.

68. As a direct and proximate result of Defendants' violation of New York State Civil Rights Law Section 47, each Defendant should pay Plaintiff the fine of $1,000.

## Fifth Cause of Action

*Disability Discrimination in Violation of NYC Human Rights Law Section 8-107(4)*

69. Plaintiff repeats and realleges Paragraphs 1-68 as if fully set forth herein.

70. At all relevant times, Plaintiff has had a disability as defined by New York City Human Rights Law, NYC Administrative Code Section 8-102(16).

71. Defendants' facility is located in Manhattan, New York, and is a place or provider of public accommodation within the meaning of New York City Administrative Code Section 8-102(9).

72. Plaintiff is a person as defined by New York City Administrative Code Section 8-102(1).

73. In violation of New York City Administrative Code Section 8-107(4), Defendants have not reasonably accommodated Plaintiff and others similarly situated.

74. In violation of New York City Administrative Code, Defendants have unlawfully discriminated against Plaintiff and others similarly situated.

75. In violation of New York City Administrative Code, the owner, lessee, proprietor,

*Rachel Liu v. Iconoclast Fitness Inc. et al*
*Complaint*
9 | P a g e

manager, agent and employee of Defendants' public accommodation, have, and because of the actual or perceived disability of Plaintiff, directly and indirectly refused, withheld from and denied Plaintiff the accommodation, advantages, facilities and privileges thereof.

76. In violation of the New York City Administrative Code, on the basis of Plaintiff's disability, Defendants have demonstrated that the patronage or custom of Plaintiff and all others similarly situated, is unwelcome, objectionable and not acceptable.

77. Pursuant to New York City Administrative Code Section 8-502, notice of this action has been served upon New York City's Commission on Human Rights.

78. As a direct and proximate result of Defendants' disability discrimination in violation of New York City Human Rights Law, Plaintiff has suffered and continues to suffer mental anguish and emotional distress, including but not limited to exacerbation of her social phobia disorder, depression, humiliation, stress, embarrassment, anxiety, loss of sleep, loss of self-esteem and self-confidence, and emotional pain and suffering.

### Sixth Cause of Action

*Failure to Reasonably Accommodate in violation of NYC Human Rights Law Section 8-107(15)*

79. Plaintiff repeats and reallages Paragraphs 1-78 as if fully set forth herein.

80. Reasonable accommodations and modifications are necessary to enable Plaintiff and all others similarly situated the ability to enjoy the non-restricted access and use of the public accommodation in question.

81. Defendants have failed to provide Plaintiff with a reasonable accommodation and modification in violation of New York City Human Rights Law Section 8-107(15).

82. In violation of New York City Human Rights Law Section 8-102(4) and (18), and 8-107(4) and (15), Defendants have not reasonably accommodated Plaintiff and others similarly

*Rachel Liu v. Iconoclast Fitness Inc. et al*
*Complaint*
10 | P a g e

situated.

83. In violation of New York City Administrative Code, Defendants have unlawfully discriminated against Plaintiff and others similarly situated.

84. In violation of New York City Administrative Code, the owner, lessee, proprietor, manager, agent and employee of Defendants' public accommodation, have, because of the actual or perceived disability of Plaintiff, directly and indirectly refused, withheld from and denied Plaintiff the accommodations, advantages, facilities and privileges thereof.

85. In violation of New York City Administrative Code, Defendants have demonstrated that, because of Plaintiff's disability, the patronage or custom of Plaintiff and others similarly situated is unwelcome, objectionable and not acceptable.

86. As a direct and proximate result of Defendants' disability discrimination in violation of New York City's Human Rights Law, Plaintiff has suffered and continues to suffer mental anguish and emotional distress, including but not limited to exacerbation of her social phobia disorder, depression, humiliation, stress, embarrassment, anxiety, loss of sleep, loss of self-esteem and self-confidence, and emotional pain and suffering.

### Seventh Cause of Action

*Declaratory Relief*

87. Plaintiff repeats and reallages Paragraphs 1-86 as if fully set forth herein.

88. Plaintiff is entitled to a declaratory judgment concerning the violations committed by Defendants specifying the rights of Plaintiff as to the policies, practices, procedures, facilities, goods and services provided by Defendants.

*Rachel Liu v. Iconoclast Fitness Inc. et al*
*Complaint*
11 | P a g e

**Prayer for Relief**

WHEREFORE, Plaintiff requests the following relief from the Court:

A. Issue a permanent injunction 1) proscribing disability discrimination; 2) requiring Defendants to alter their facility making such readily accessible to and usable to individuals with disabilities; 3) compelling Defendants to make all necessary modifications to Defendants' policies or practices so that Plaintiff will not be subject to further discrimination.

B. Enter declaratory judgment, specifying that Defendants ADA, New York City Human Rights Law and New York State Human Rights Law violations and declaring the right of Plaintiff and other persons similarly situated as to Defendants' policies, practices, procedures, facilities, goods and services offered to the public;

C. Pursuant to New York State Civil Rights Law Sections 40-c and 40d, hold each Defendant liable for $500 for each and every violation.

D. Pursuant to New York State Civil Rights Law Section 40-d, find Defendants guilty of a class A misdemeanor for violating New York State Civil Rights Law.

E. Awarding Plaintiff the amount of $10,000 from each Defendant for their violations of New York State Civil Rights Law Section 47.

F. The Court retain jurisdiction over Defendants until the Court is satisfied that the Defendants' unlawful practices, acts and omissions no longer exist and will not reoccur.

G. Award Plaintiff compensatory damages for Defendants' violation of New York State Human Rights Laws.

H. Award Plaintiff compensatory damages for Defendants' violations of New York City Administrative Code.

I. Award punitive damages for Defendants' violations of New York City Administrative

*Rachel Liu v. Iconoclast Fitness Inc. et al*
*Complaint*
12 | P a g e

Code.

J. Find that Plaintiff is the prevailing party in this litigation and award reasonable attorney's fees, costs and expenses.

K. Award Plaintiff such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues of fact and damages.

Dated: Garden City, New York
January 20, 2023

Respectfully submitted,

BELL LAW GROUP, PLLC

*[signature: Daniel A. Johnston]*

Daniel Johnston, Esq.
Attorney for the Plaintiff
100 Quentin Roosevelt Blvd., Ste. 208
Garden City, NY 11530
dj@belllg.com
T: 516-280-3008
F: 516-706-4692

*Rachel Liu v. Iconoclast Fitness Inc. et al*
*Complaint*
*13 | P a g e*